IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KELVIN FRAZIER,
    Plaintiff,

vs.                                                                 3:07cv273/LAC/MD

JAMES MCDONOUGH, et al.
    Defendants.

## REPORT AND RECOMMENDATION

      This cause filed pursuant to Title 42 United States Code Section 1983 is before the court upon referral by the district judge after remand from the Eleventh Circuit. (Doc. 43 & 44). On July 20, 2007 this court recommended sua sponte that the plaintiff's complaint alleging violations of the First, Eighth and Fourteenth Amendments be dismissed for failure to state a claim. The basis for the recommendation was that plaintiff sought monetary damages for mental and emotional distress, depression and psychological suffering, and that his claims were thus barred by the statutory "physical injury requirement" set forth in 42 U.S.C. § 1997e(e). (Doc. 6). The district court adopted the recommendation (doc. 14), and plaintiff appealed.

      The Eleventh Circuit affirmed in part and vacated and remanded in part. (Doc. 43). Plaintiff's Eighth and Fourteenth Amendment claims were deemed to be abandoned. (Doc. 43 at 4, n.4). As to plaintiff's First Amendment claim, the appellate court noted that the district court did not consider whether plaintiff's complaint could be liberally construed to request nominal damages and it therefore reversed for consideration of this issue. Finally, while affirming the district court's dismissal of the compensatory and punitive damages claims, the Eleventh Circuit vacated and remanded with directions that these claims be dismissed without prejudice to their refiling if and when the plaintiff is released.

With respect to the issue of nominal damages, an inmate may seek nominal damages for violations of his First Amendment rights absent any actual injury. *Al-Amin v. Smith,* 511 F.3d. 1317, 1334-1335 (11th Cir. 2008); see also *Hughes v. Lott*, 350 F.3d 1157, 1162 (11th Cir. 2003)*; Slicker v. Jackson*, 215 F.2d 1225, 1232 (11th Cir. 2000); *Amato v. City of Saratoga Springs, N.Y.,* 170 F.3d 311, 317 (2nd Cir. 1999); *Carey v. Piphus*, 435 U.S. 247, 266-67, 98 S.Ct. 1042, 1054, 55 L.Ed.2d 252 (1978). These damages ordinarily do not exceed $1.00. *Carey v. Piphus, supra.* Even without a specific request for nominal damages, it is proper for a district court to liberally construe the complaint of a pro se litigant to determine whether a request for such damages lies therein. See *Hughes*, 350 F.3d at 1162. In his complaint, plaintiff in this case asks that the court "grant such other relief as may appear that plaintiff is entitled." (Doc. 1 at 33). Such an open-ended statement neither requests nor precludes a claim for nominal damages and could be liberally construed as making such a claim. Therefore, plaintiff should be afforded the opportunity to file an amended complaint to clearly set forth his request. If he chooses not to pursue a case involving only nominal damages, his complaint should be dismissed.[1]

In order to file an amended complaint, plaintiff must completely fill out a new civil rights complaint form that has been marked "Amended Complaint." He must limit his allegations to those needed to establish his First Amendment retaliation claim, as the Eleventh Circuit has determined that his Eighth and Fourteenth Amendment claims were abandoned. Plaintiff must name as defendants only those persons who are responsible for the alleged First Amendment violation(s), placing their names in the style of the case on the first page of the civil rights complaint form, and including their addresses and employment positions in the "Parties" section of the form. In the statement of facts, plaintiff should clearly describe <u>how each named defendant</u> is involved in each alleged constitutional violation, alleging the claims as to each defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. It is essential that the facts relating to each defendant be set out clearly and in detail

---

[1] If the district court finds in the alternative that, even liberally construed, plaintiff has not stated a claim for nominal damages, his entire complaint should be dismissed without prejudice.

*Case No: 3:07cv273/LAC/MD*

because in civil rights cases, more than conclusory and vague allegations are required to state a cause of action. *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001); *GJR Investments, Inc. v. County of Escambia, Florida*, 132 F.3d 1359, 1366 (11th Cir. 1998); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). If plaintiff cannot state exactly how a particular defendant harmed him, he should delete or drop that person as a defendant from his complaint. In the section entitled "Statement of Claim," plaintiff must state what rights he contends have been violated, and he must provide support in the statement of facts for the claimed violations. Because the Eleventh Circuit has already held that plaintiff cannot state a claim for compensatory or punitive damages, he should not include a prayer for such damages in his request for relief.

Plaintiff is advised that his amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded. Local Rule 15.1, Northern District of Florida. Additionally, plaintiff is specifically reminded that he must fill out the entire form, including those questions relating to his litigation history, truthfully and completely as of the date he signs the amended complaint. Failure to do so could result in dismissal of his case.

Plaintiff should file the amended complaint with an original signature with the Court and keep an identical copy for himself. Plaintiff should not file a memorandum of law or otherwise provide citations to statutes and cases, and he need not file exhibits as evidentiary support for his complaint. The court will notify plaintiff when memoranda and exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment. Furthermore, plaintiff should not submit service copies of his complaint unless and until the court directs him to do so. Finally, plaintiff is advised that discovery is premature at this stage of the case and plaintiff should not do any discovery without leave of court.

Accordingly, it is respectfully RECOMMENDED:

1. That, as directed by the Eleventh Circuit, plaintiff's claims for compensatory and punitive damages be dismissed without prejudice to their reassertion upon plaintiff's release from prison.

      2. That the clerk of court be directed to forward to the plaintiff a civil rights complaint form for use in actions under 42 U.S.C. §1983.  This case number and the words "Amended Complaint" should be written on the form.

      3.  That, if plaintiff wishes to pursue only his First Amendment claim and to seek only nominal damages, he be permitted to file an amended complaint as set forth within this recommendation within thirty (30) days from the date of the order adopting this recommendation.

      4.  That plaintiff be advised that failure to submit an amended complaint as instructed will result in a recommendation of dismissal of this action.

   At Pensacola, Florida, this 30th day of June, 2008.

      /s/ *Miles Davis*
      **MILES DAVIS**
      **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 3:07cv273/LAC/MD*