IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KELVIN FRAZIER,
    Plaintiff,

vs.                               CASE NO.: 3:07cv273/LAC/MD

JAMES MCDONOUGH,
    Defendant.

## REPORT AND RECOMMENDATION

    Plaintiff initiated this action through the filing of a complaint under 42 U.S.C. § 1983. Plaintiff's complaint was dismissed for failure to state a claim (doc. 6) and plaintiff appealed. (Doc. 16). The Eleventh Circuit affirmed the district court's dismissal of plaintiff's claims for compensatory and punitive damages but remanded with directions that these claims be dismissed without prejudice (doc. 43). The appellate court also vacated the district court's dismissal of plaintiff's First Amendment retaliation claim. (*Id.*) Thereafter, on June 30, 2008 this court issued a Report and Recommendation directing plaintiff to amend his complaint within thirty (30) days if he wished to pursue his First Amendment claim and seek only nominal damages (doc. 46). The plaintiff moved to stay the trial court action (doc. 47) and the district court denied the motion. (Doc. 48). Instead, on August 1, 2008 it adopted the recommendation of the undersigned, dismissed plaintiff's claims for compensatory and punitive damages and instructed plaintiff that if he wished to pursue his First Amendment claim seeking only nominal damages, that he should do so within thirty days. (Doc. 49). Plaintiff failed to timely respond or explain his inability to do so, and on September 24, 2008 this court entered an order directing plaintiff to show cause why his case should not be dismissed without prejudice due to his failure to prosecute. (Doc. 50). Plaintiff also failed to timely respond to this order or explain his inability to do so.

    Prior to preparing a recommendation that plaintiff's case be dismissed, this court

reviewed the docket sheet and noted that on October 24, 2008, the clerk docketed a procedural letter from the Eleventh Circuit which indicated that the United States Supreme Court had denied certiorari in plaintiff's case, and that no further action would be taken by that court.  The court noted that it was possible that plaintiff intentionally failed to respond to the orders entered by this court during the pendency of his application for certiorari. However, after certiorari was denied, there was no further reason to delay the case. Plaintiff was again directed to submit his amended complaint in accordance with the opinion of the Eleventh Circuit and the instructions of this court in its recommendation dated June 30, 2008, if he wished to pursue his case.  He was warned that failure to do so would result in a recommendation of dismissal of this action.  The amended complaint was due to be filed by November 16, 2008, but there has been no response. Therefore, as plaintiff has again failed to respond to the court's order, the court can only speculate that he does not wish to pursue his claim for nominal damages only at this time.

Accordingly, it is respectfully RECOMMENDED:

That this case be dismissed without prejudice for plaintiff's failure to prosecute or failure to comply with an order of the court.

At Pensacola, Florida this 2nd day of December, 2008.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).**

*Case No: 3:07cv273/LAC/MD*